# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ROBERT ALLAN BURNETTE,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture. [Doc. 735].

The Government moves pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure for a preliminary order of forfeiture concerning the following assets:

- North American Arms, .22 Magnum derringer, SN: E312699; and

- Five rounds of .22 Magnum caliber ammunition.

Under 18 U.S.C. § 924(d), "Any firearm or ammunition involved in or used in . . . any violation of any other criminal law of the United States . . . shall be subject to seizure and forfeiture. . ."

The Federal Rules of Criminal Procedure instruct that forfeiture is appropriate upon a finding of a nexus, i.e., a connection between the property sought to be forfeited and the violation at issue. Fed. R. Crim. P. 32.2(b)(1)(A). The burden is on the Government to establish by a preponderance of the evidence that the property at issue is subject to forfeiture. See United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003).

With regard to property that facilitates, is intended to facilitate, or is involved in a crime, nexus is met where there is a "substantial connection" between the property and the crime. See United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010). A substantial connection is satisfied by showing that the use of the property made "the crime less difficult or more or less free from obstruction or hindrance." Id. (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)). The nexus finding may be based on evidence already in the record, including the written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court. Fed. R. Crim. P. 32.2(b)(1)(B).

Upon review, the Court finds that the Government has established by a preponderance of the evidence that the firearm and ammunition specified above are subject to forfeiture. As part of his plea agreement, the

Defendant agreed to forfeit all assets listed in the charging document. The firearm and ammunition at issue were identified in the Indictment. The Defendant is bound by the terms of his plea agreement. See United States v. Yooho Weon, 722 F.3d 583, 588 (4th Cir. 2013) (noting that a plea agreement should be interpreted "in conformity with principles of general contract law" and courts apply "the plain meaning of the agreement's terms with the goal of providing each party the benefit of its bargain"); see also United States v. Masilotti, 965 F. Supp. 2d 1380, 1385 (S.D. Fla. 2013) ("[A] party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain.").

Additionally, the record supports the finding that the firearm facilitated the Defendant's offense of conviction. According to the Factual Basis, on November 2, 2019, law enforcement performed a vehicle stop on a vehicle that the Defendant was operating. During the stop, law enforcement located Oxycodone pills and methamphetamine inside the vehicle. When law enforcement began to search the Defendant's person, he informed law enforcement that he had a pistol in his possession and allowed law enforcement to retrieve the North American Arms .22 Magnum derringer from the Defendant's right front pants pocket. The firearm was loaded with

3

five rounds of .22 Magnum ammunition. Law enforcement further located more methamphetamine on the Defendant's person as the search continued.

Finally, Defendant does not oppose the Government's motion.

For the foregoing reasons, the Court grants the Government's motion for a preliminary order of forfeiture.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 735] is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. In accordance with 18 U.S.C. § 924(d), Defendant Burnette shall forfeit the following assets to the United States:

    - North American Arms, .22 Magnum derringer, SN: E312699; and
    - Five rounds of .22 Magnum caliber ammunition.

2. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official Government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

3. Any person, other than Defendant Burnette, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

4. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States

Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. Upon adjudication of third-party interests, if any, this Court will enter a final Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2). If no third party files a timely claim, this preliminary Order of forfeiture shall become the final Order of forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Signed: December 19, 2022

_____
Martin Reidinger
Chief United States District Judge

6

Case 1:21-cr-00070-MR-WCM   Document 758   Filed 12/19/22   Page 6 of 6